UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

MAY 2 9 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

BILLY R. MCCULLERS, JR.,

> Petitioner,

v.

UNITED STATES OF AMERICA,

> Respondent.

CIVIL ACTION NO. 4:12cv37
[ORIGINAL CRIMINAL NO. 4:07cr49]

## MEMORANDUM ORDER

This matter comes before the court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Motion") and Supplemental Brief in Support ("Supplemental Brief") of Billy R. McCullers, Jr. ("McCullers").[1]  The United States responded in opposition to the Motion.  For the reasons set forth below, the court **DENIES** Petitioner's Motion as to all grounds other than Ground Six (B).[2]

---

[1]     Because McCullers is a _pro_ _se_ petitioner, the court liberally construes the Motion.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

[2]     As to all grounds other than Ground Six (B), the Motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief.  Accordingly, the court will not hold an evidentiary hearing as to those claims.  See 28 U.S.C. § 2255; United States v. Baysden, 326 F.2d 629, 631 (4th Cir. 1964).

## I. Background

On April 19, 2007, a federal grand jury in the Eastern District of Virginia indicted McCullers on twelve counts. A thirteen-count Superseding Indictment was returned on August 23, 2007, and a fifteen-count Second Superseding Indictment was returned on November 19, 2007. On July 21, 2008, a jury trial began, which resulted in a mistrial when the jury was unable to reach a verdict. At trial, the court granted a motion to dismiss Count 4 of the Second Superseding Indictment because it erroneously charged a violation in 2004, rather than 2003.

A fifteen-count Third Superseding Indictment was returned on August 21, 2008. The Third Superseding Indictment, which added two counts of witness tampering, charged McCullers with: conspiracy to possess with intent to distribute cocaine base, distribute cocaine base, manufacture cocaine base, distribute cocaine, and possess with intent to distribute cocaine (Count 1); distribution, and possession with intent to distribute cocaine base (Counts 2, 3, 5, 12, 13); distribution, and possession with intent to distribute cocaine (Counts 6, 8, 9, 11); possession of a firearm in furtherance of a drug trafficking crime (Counts 4, 7, 10); attempt to intimidate and threaten, intimidate, threaten, and engage in misleading conduct toward witnesses (Counts 14, 15).

2

McCullers proceeded to a second trial before a jury, which began on January 21, 2009, and lasted eight days. McCullers was found guilty by the jury as to all counts of the Third Superseding Indictment. At trial, McCullers was represented by James Melton ("Melton").

McCullers was sentenced by this court on April 29, 2009, where he was again represented by Melton. The court sentenced McCullers to one thousand twenty (1020) months of imprisonment, consisting of three hundred sixty (360) months on Count 1, two hundred forty (240) months on Count 2, three hundred sixty (360) months on Count 3, two hundred forty (240) months on Count 5, two hundred forty (240) months on Count 6, three hundred sixty (360) months on Count 8, two hundred forty (240) months on Count 9, two hundred forty (240) months on Count 11, three hundred sixty (360) months on Count 12, three hundred sixty (360) months on Count 13, a term of one hundred twenty (120) months on Count 14, and a term of one hundred twenty (120) months on Count 15, all to be served concurrently; plus a term of sixty (60) months on Count 4, three hundred (300) months on Count 7, and three hundred (300) months on Count 10, all to be served consecutively.

On April 30, 2009, McCullers filed a Motion to Reconsider, Recalculate and Reduce Sentence, which the court denied on May 6, 2009. On May 6, 2009, McCullers filed a notice of appeal

3

to the United States Court of Appeals for the Fourth Circuit. In the appeal, McCullers challenged the government's use of peremptory jury strikes on African-Americans, the reasonableness of the eighty-five year sentence, the sentencing disparity for crack cocaine, and whether he should have received consecutive sentences for 18 U.S.C. § 924(c) violations. On September 17, 2010, the Fourth Circuit affirmed the judgment of this court.[3] On appeal, McCullers was represented by Cullen Seltzer ("Seltzer"). The United States Supreme Court denied McCullers's petition for certiorari on February 22, 2011. McCullers then appealed this court's order denying his motion to dismiss the Indictment for Fed. R. Crim. P. 6 violations or, in the alternative, to inspect the list of names of qualified grand jurors who voted for the Indictment, and the Fourth Circuit affirmed this court on November 18, 2011.

McCullers filed the instant pro se petition for post-conviction relief on February 27, 2012, and he filed his Supplemental Brief on April 2, 2012. On March 5, 2012, the

---

[3]   The Fourth Circuit found "the district court did not clearly err in denying McCullers' Batson challenge." United States v. McCullers, 395 F. App'x 975, 977 (4th Cir. 2010) cert. denied, 131 S. Ct. 1542 (2011)." It also found that "the district court did not abuse its discretion in imposing the chosen sentence." Id. at 978-79. Finally, the Fourth Circuit did not find error in this court's review of the sentencing disparity for crack cocaine or in the imposition of consecutive sentences for § 924(c) violations. Id. at 979.

court entered an Order directing the United States to respond. The United States responded on May 3, 2012. The matter is now ripe for review. McCullers asks this court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, stating fifteen grounds in support thereof, each of which the court considers in turn.

## II.  Standard

A prisoner may challenge a sentence imposed by a federal court if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" where the petitioner shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In challenging his sentence, the prisoner bears the burden of proving one of the aforementioned grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(b). However, if the petitioner's motion, when viewed against the record, shows that

the petitioner is entitled to no relief, the court should summarily deny the motion. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), abrogated on other grounds by Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

### III.  Analysis

### Ground One: Ineffective Assistance of Trial Counsel on Conspiracy and Drug Charges

McCullers alleges that his trial counsel--at the second trial--failed to present available exculpatory arguments and facts with respect to the conspiracy charge, the charges involving 50 grams or more of cocaine base, and the charges involving 500 grams or more of cocaine powder. Mot. at 5. (ECF No. 239.)  McCullers, however, does not allege any specific arguments or evidence his counsel neglected.

To prove ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that 1) the attorney's performance was deficient, and 2) the attorney's deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savion v. Murray, 82 F.3d 593, 599 (4th Cir.

6

1996); see Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). The court must attempt to "eliminate the distorting effects of hindsight," and instead "indulge a strong presumption that counsel's challenged conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In doing so, he must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Because a petitioner must satisfy both prongs of the test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

Here, McCullers has made the sweeping assertion that his attorney, Melton, failed to introduce some unspecified exculpatory evidence and arguments. Mot. at 5. (ECF No. 239.) Such an assertion, without more, is not sufficient to show that his attorney's performance was deficient. No specific deficiency in Melton's performance has been alleged, and the court finds none, after a full review yet again of the record. Since McCullers fails to make a showing that Melton's

7

performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. Strickland, 466 U.S. at 700.

### Ground Two: Ineffective Assistance of Counsel as to Counts Four, Seven, and Ten

McCullers alleges that his trial counsel--at the second trial--failed to present unspecified but exculpatory arguments and evidence with respect to Counts 4, 7, and 10, which charged him with possession of a firearm in furtherance of a drug trafficking crime. Mot. at 6. (ECF No. 239.) Once again, McCullers broadly alleges the failure of Melton, without pointing to any neglected argument or evidence. After a review of the record, the court finds no deficiency in Melton's performance as to these counts. Since McCullers fails to make a showing that Melton's performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. Strickland, 466 U.S. at 700.

### Ground Three: Consecutive Sentences under 18 U.S.C. § 924(c)

McCullers argues that the United States Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18 (2010), suggests that 18 U.S.C. § 924(c) does not call for consecutive sentences on multiple § 924(c) violations. Mot. at 8. (ECF No. 239.) On appeal, McCullers argued that the sentences for his § 924(c) offenses should not be consecutive, and the Fourth

8

Circuit affirmed this court. McCullers, 395 F. App'x at 979 (citing Deal v. United States, 508 U.S. 129, 137 (1993)). McCullers may not "recast, under the guise of collateral attack, questions fully considered" on appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).[4] The court will not entertain this claim.

### Ground Four: Ineffective Assistance of Appellate Counsel

McCullers argues that he was deprived of the effective assistance of counsel on appeal when his attorney, Seltzer, neglected to appeal the strongest claims with respect to the drug conspiracy charges. Mot. at 9. (ECF No. 239.) McCullers broadly alleges the failure of Seltzer, arguing that some unstated and unspecified arguments were stronger but were not raised. Id. McCullers further asserts that Seltzer raised two issues on appeal—that the sentence was excessive and the Equal Protection claim—which were frivolous. Id. Such sweeping

---

[4] Even if the court could reach McCullers's Abbott argument, the court would reject it on the merits. Abbott suggests that defendants who violate § 924(c) in multiple ways in one instance--e.g., possessing, brandishing, and discharging a gun-- would not be subject to tacked mandatory minimums for the simultaneous offenses. See Abbott, 131 S. Ct. at 23. This is not that case; McCullers's § 924(c) offenses "took place in three separate years and each was tied to a separate drug trafficking count as a predicate felony." McCullers, 395 F. App'x at 979.

allegations are not supported by the record[5] and do not show a deficiency in Seltzer's performance.  This claim, therefore, fails on the first prong of <u>Strickland</u>, which precludes relief. <u>Strickland</u>, 466 U.S. at 700.

### Ground Five: Application of the Fair Sentencing Act

McCullers argues that the Fair Sentencing Act of 2010 ("FSA") should apply to his case.  Mot. at 15.  (ECF No. 239.) The Fourth Circuit has held that the mandatory minimums changed by the FSA do not apply retroactively to defendants sentenced before the passage of the FSA.  See <u>United States v. Bullard</u>, 645 F.3d 237, 248-49 (4th Cir. 2011) <u>cert. denied</u>, 132 S. Ct. 356 (2011).  McCullers was sentenced on April 29, 2009, and the FSA was signed into law on August 3, 2010.  Fair Sentencing Act of 2010, Pub. L. No 111-220, 124 Stat. 2372 (2010).  The FSA's revised mandatory minimums, therefore, do not apply to McCullers.  Of course, McCullers may always request relief under 28 U.S.C. § 3582(c)(2) based on the retroactive application of the guidelines amended as a result of the FSA.[6]

---

[5] McCullers has not specified, and the court does not detect, any stronger arguments than the four raised by Seltzer.

[6] The court makes no determination at this juncture of whether McCullers would be entitled to any relief under 28 U.S.C. § 3582(c)(2).

## Ground Six (A): Ineffective Assistance of Trial and Appellate Counsel as to Jury Instructions on Drug Charges[7]

McCullers argues that his counsel was ineffective for failing to object to the court's jury instruction that expert testimony is not necessary for the jury to conclude that the substance possessed was a controlled substance. Supplemental Br. at 7 (citing Trial Tr. 1286, Jan. 28, 2009). McCullers goes on to argue that his counsel should have objected to this jury instruction because laboratory results are testimonial and trigger Confrontation Clause protections. Id. (citing Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009)).

First, lay testimony and other evidence may be sufficient, without expert testimony, to establish the nature of a substance. See, e.g., United States v. Scott, 725 F.2d 43, 45 (4th Cir. 1984). McCullers's counsel was not deficient for failing to object to this well-established principle.

Second, at trial, McCullers stipulated to the amount and nature of several controlled substances put forward by the United States. See Joint Stipulation ¶¶ 1, 2; Supp. Stipulation ¶ 46. (ECF Nos. 154, 156.) McCullers now argues that his attorneys, at trial and on appeal, should have challenged the admission of this evidence on the basis of Melendez-Diaz and the allegedly testimonial nature of any laboratory reports.

---

[7] See infra note 8.

Supplemental Br. at 8.   (ECF No. 241.)   McCullers, however, fails to make the requisite showing that the strategy employed by trial counsel was in any way deficient.   McCullers has provided no reason for the court to find that the stipulations departed from an objectively reasonable attorney standard or that they were otherwise deficient.   Of course, after the stipulations were made, there would be no basis for McCullers's trial counsel to object to--or his appellate counsel to appeal-- the admission of that evidence.   Finally, McCullers has failed to prove prejudice; there is simply no basis for the court to find that the result would have been different if his counsel had objected to and appealed, respectively, the admission of the evidence at issue.   See Strickland, 466 U.S. at 694.   This claim, therefore, fails both prongs of Strickland, each of which precludes relief.   Strickland, 466 U.S. at 700.

### Ground Six (B): Ineffective Assistance of Counsel in Plea Negotiations[8]

In his Supplemental Brief, McCullers asserts that his trial counsel, Melton, did not communicate to him the details of a

---

[8] The United States refers to this argument as "6."  Resp. of the United States to Def.'s Mot. at 19.   (ECF No. 245.)   McCullers refers to this argument as "Ground Six, (B)" in his Supplemental Brief.   Supplemental Br. at 31.1.   (ECF No. 241.)   "Ground Six, (B)" appears on two unnumbered pages, between pages 31 and 32 of McCullers's Supplemental Brief; those pages are referred to, herein, as 31.1 and 31.2, respectively.   The court refers to this argument as Ground Six (B).

plea offer, specifically the likely sentence he would face if he accepted the offer.   Supplemental Br. at 31.1-31.2.   (ECF No. 241.)   McCullers further alleges that he was unaware of the government's plea offer until, pursuant to a Freedom of Information Act Request, he received a copy of a letter sent by the Assistant United States Attorney to Melton, which detailed the offer and corresponding guideline range.[9]  Id.   Had he known of the plea offer, McCullers asserts, he would have accepted. Id.   McCullers requests an evidentiary hearing to ascertain the validity of his claim.   Id. at 31.2.

The United States offers an affidavit in which Melton attests to speaking "with Mr. McCullers many times about accepting a plea agreement, the likely sentence range and [his] prediction following a substantial assistance reduction."   Resp. of United States to Def.'s Mot. Ex. 1 at 1.   (ECF No. 245.)   In his affidavit, Melton goes on to state that he advised McCullers of his prediction that McCullers "would be convicted and receive a sentence of life plus a term of years" if he went to trial, as compared to "a sentence range of less than 15 years if he pled

---

[9]  McCullers apparently misconstrues the government's proposed plea agreement as offering him a sentence of 168-210 months. Supplemental Br. at 31.1-31.2.   (ECF No. 241.)   As the United States notes in its Response, the plea offer lists approximate guideline calculations of 168-210 months with 60 months consecutive.   Id. Ex. L; Resp. of United States to Def.'s Mot. at 19-20.   (ECF Nos. 241, 245.)   Moreover, the plea offer explains that the guideline range is advisory and that the court would fashion an appropriate sentence.   Supplemental Br. Ex. L.

guilty." Id. Attached to Melton's affidavit are two letters he sent to McCullers, both of which discuss the strength of the government's case and the existence of a plea offer. Id. Ex. 1, Attachs. 1, 2.

McCullers's Supplemental Brief and the government's Response do not create a disputed issue of fact at this juncture as to whether Melton discussed the details of the plea offer with McCullers, because McCullers has made no submission under oath to dispute Melton's assertions under oath to the contrary.[10] If McCullers wishes this ground to be considered further, McCullers must submit under penalty of perjury that his assertions in Ground Six (B) are correct. Said submission must be made within fourteen (14) days of the filing of this Memorandum Order. The court holds a final ruling on Ground Six (B) in abeyance for this time period.

### Ground Seven: Ineffective Assistance of Counsel for Failing to File a Motion to Dismiss Count 4

McCullers next argues that his trial counsel was ineffective for failing to move for dismissal of Count 4 of the Third Superseding Indictment. Supplemental Br. at 9. (ECF No.

---

[10] McCullers declared under penalty of perjury as to the truth of the Motion and its mailing date, but only as to the mailing date of the Supplemental Brief. These declarations do not constitute an affirmation under penalty of perjury to the truth of McCullers's substantive assertions in Ground Six (B), which ground appears only in the Supplemental Brief. See Mot. at 14; Supplemental Br. at 32, 33. (ECF Nos. 239, 241.)

241.) The court, at McCullers's first trial, granted a motion to dismiss Count 4 of the Second Superseding Indictment because it erroneously charged a violation in 2004, rather than 2003. Before the second trial, a grand jury returned the Third Superseding Indictment, which corrected the error in Count 4, and McCullers's counsel did not move for dismissal of that count. Defendant now claims that retrial on Count 4 was barred by collateral estoppel and double jeopardy and that, therefore, his counsel was ineffective for failing to move to dismiss that count. Id. at 9-10. (ECF No. 241.)

McCullers's counsel was not deficient because the amended Count 4 would not have been properly dismissed on either ground argued by McCullers. Because the Third Superseding Indictment amended the date of the alleged criminal conduct, it charged a crime wholly different from that charged in Count 4 of the Second Superseding Indictment. Since McCullers fails to make a showing that Melton's performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. Strickland, 466 U.S. at 700.

### Ground Eight: Ineffective Assistance of Counsel as to Jury Instructions on Count One and Judicial Findings

McCullers argues that Melton was ineffective for failing to object to the court's jury instructions for Count 1, the court's drug quantity finding, and the court's application of

15

enhancements.   Supplemental Br. at 13-15.   (ECF No. 241.) McCullers's first argument, that his counsel should have objected to the court's failure to instruct the jury that it was obliged to determine the drug quantities attributable to each individual conspiracy defendant, is misguided.  The Special Jury Verdict Form asked the jury to attribute drug quantities to McCullers, the sole defendant, for each substantive offense involved in the conspiracy.  Special Jury Verdict Form at 1-2. (ECF No. 159.)  Therefore, there were no other defendants to whom the jury could attribute drug quantities, and Melton was in no way deficient for failing to object.

McCullers next contends that his counsel was deficient for failing to object to the drug quantity findings and factual findings supporting enhancement made by the court, arguing that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the court should not have sentenced him based on facts found otherwise than by the jury.  Supplemental Br. at 14-15.  (ECF No. 241.) This argument is unavailing.  A sentencing judge "may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict."  United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008).  Judicial fact-finding is also properly used to determine the applicability of enhancements for

16

Guidelines purposes.   See United States v. Williams, 452 F.
App'x 345, 346 (4th Cir. 2011) (citing Benkhala, 530 F.3d at
312).    In this case, the jury attributed drug weights to
McCullers, which fixed the statutory maximum sentence.   See
Special Jury Verdict Form at 1-2.   (ECF No. 159.)   The court
then determined drug weight for Guidelines purposes, the
applicability of enhancements, and the corresponding Guideline
sentencing range within the statutory maximum set by the jury's
findings.    Therefore, McCullers's counsel was in no way
deficient for failing to object to the court's Guidelines
determination.   Since McCullers fails to make a showing that his
counsel's performance was deficient, he fails on the first prong
of his ineffective assistance claim.    This failure alone
precludes relief.   Strickland, 466 U.S. at 700.

### Ground Nine: Ineffective Assistance of Counsel as to Jury Instructions to Counts 4, 7, and 10

McCullers argues that the court's instructions to the jury
on Counts 4, 7, and 10 effected a variance on the Indictment and
that, therefore, his counsel was ineffective for failing to
object to the court's instructions.   Supplemental Br. at 14-15.
(ECF No. 241.)   "A constructive amendment to an indictment
occurs when . . . the court (usually through its instructions to
the jury) . . . broadens the possible bases for conviction
beyond those presented by the grand jury."   United States v.

17

*Floresca*, 38 F.3d 706, 710 (4th Cir. 1994). The court, however, detects no difference whatsoever between its instructions to the jury and the Third Superseding Indictment, and, therefore, finds no constructive amendment of the Indictment. Compare Third Superseding Indictment, with Trial Tr. 1287-89, January 28, 2009. (ECF Nos. 128, 201.) Because there was no variance, McCullers's counsel could not have been deficient for failing to object on that basis. Since McCullers fails to make a showing that his counsel's performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. *Strickland*, 466 U.S. at 700.

### Ground Ten: Ineffective Assistance of Counsel as to Counts 8, 9, and 10

McCullers argues that an impermissible variance occurred between the crimes charged and proved on Counts 8, 9, and 10.[11] Supplemental Br. at 18. (ECF No. 241.) Count 9 of the Third Superseding Indictment charges McCullers with distribution of cocaine in Hampton, Virginia, and Count 10 charges McCullers with possession of a firearm in furtherance of a drug trafficking crime--specifically Counts 1 and 9--in Newport News, Virginia. Third Superseding Indictment at 19-20. (ECF No.

---

[11] Although McCullers lists Count 8 at the outset of this section, his argument exclusively focuses on Counts 9 and 10. After a review of the record, the court finds no variance, fatal or otherwise, between Count 8 of the Third Superseding Indictment and the crime proved at trial.

129.)  McCullers argues that because the cities listed in Counts 9 and 10 are different, a fatal variance occurred to which his counsel should have objected.[12]  Supplemental Br. at 18.  (ECF No. 241.)

When the government, through presentation of its evidence and/or argument, broadens the bases for conviction beyond those charged in the Indictment, an impermissible constructive amendment occurs.  United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (citing United States v. Redd, 161 F.3d 793, 795 (4th Cir. 1998)).[13]  However, "when different evidence is presented at trial but the evidence does not alter the crime charged in the indictment, a mere variance occurs," and a variance "does not violate a defendant's constitutional rights unless it prejudices the defendant either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense."  Id.

---

[12] McCullers also makes several arguments in this section that challenge the sufficiency of the evidence used to convict him on Counts 9 and 10, e.g., the contrasting testimony as to the color of the firearm.  Supplemental Br. at 18-19.  (ECF No. 241.)  A question of sufficiency of the evidence is not cognizable on a motion under 28 U.S.C. § 2255.  See Dockery v. United States, 237 F.2d 518, 519 (4th Cir. 1956) (per curiam).

[13] A constructive amendment can also occur if the court, through its jury instructions, broadens the bases for conviction beyond that in the indictment.  Randall, 171 F.3d at 203.  No such variance is alleged here, and the court finds none after a review of the record.

19

Here, assuming McCullers is correct that the evidence used to convict him of Count 10 related to Hampton, Virginia, rather than Newport News, Virginia, a mere variance occurred at most. A difference in the cities listed in Counts 9 and 10 certainly cannot be said to change the elements of either offense or in any way broaden the bases for conviction. Moreover, Count 10 of the Third Superseding Indictment referred to Count 9 as one of its predicate offenses, thereby incorporating conduct in Hampton, Virginia, into the charge. Therefore, even assuming a variance occurred, the defendant could not have been prejudiced, as the Third Superseding Indictment put McCullers on notice that conduct in Hampton, Virginia--that alleged in Count 9--would be part of the proof of Count 10. Accordingly, McCullers fails to show that his counsel's performance was deficient and fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. Strickland, 466 U.S. at 700.

### Ground Eleven: Ineffective Assistance of Counsel as to Admission of Co-Conspirator Statements

McCullers argues that his counsel was ineffective for failing to object to the admission of all statements and testimony of his co-conspirators. Supplemental Br. at 20. (ECF No. 241.) McCullers first argues that statements made to law enforcement officials by his co-conspirators were made after the arrest of the co-conspirators and were not in furtherance of

20

the drug conspiracy; according to McCullers, they were, therefore, not admissible under Federal Rule of Evidence 801(d)(2)(E).[14]  Id.  Federal Rule of Evidence 801(d)(2)(E) provides that "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Co-conspirators Speller, Walker, Haggar, Alexander, Williams, Frink, Bradley, Fitzergerald, and Cooper testified directly, at trial, to their and McCullers's involvement in the conspiracy; Rule 801(d)(2)(E) is not applicable to their testimony because it was given at trial.  Moreover, none of the law enforcement officials listed by McCullers testified, and the law enforcement officials who did testify at trial did not speak to any post-arrest statements of McCullers's co-conspirators, the admission of which could erroneously rely on Rule 802(d)(2)(E).  See Trial Tr.  100-23,  241-54,  Jan. 21, 2009;  Trial  Tr.  473-96, Jan. 22, 2009; Trial Tr. 711-14, Jan. 23, 2009.  (ECF Nos. 196, 197, 198.)  McCullers's argument is misguided.

McCullers's second, and related, argument is that any statements by his co-conspirators before the Indictment was filed should have been inadmissible.  As the United States argues, there is no legal support whatsoever for this position.

---

[14] McCullers does not explicitly ground his contention in Federal Rule of Evidence 801(d)(2)(E), but he cites United States v. Perez-Garcia, 904 F.2d 1534, 1538 (11th Cir. 1990), which discusses Rule 801(d)(2)(E).  Supplemental Br. at 20.  (ECF No. 241.)

Therefore, McCullers fails to show that his counsel's performance was deficient and fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. Strickland, 466 U.S. at 700.

### Ground Twelve: Prosecutorial Misconduct

McCullers contends that the United States allowed its witnesses--James Frink, Tracy Speller, and Marquette Fitzgerald --to give false testimony. Supplemental Br. at 21-24. (ECF No. 241.) McCullers argues that each of those witnesses testified that the United States had made no promises of sentence reductions in exchange for testifying, which the United States knew to be false. Id. McCullers also briefly asserts that the United States failed to provide him with debriefs and grand jury testimonies. Id.

McCullers could have made these arguments on direct appeal, but, because he did not, they are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 622 (1998). Since these claims are procedurally defaulted, he can only raise them on collateral review if he "can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" Id. (citations omitted). Nowhere in his Motion or Brief in Support does McCullers argue cause, prejudice, or actual innocence. Even if he did, he could not demonstrate that the procedural default should be excused. "The existence of cause

22

for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citations omitted). McCullers does not claim that counsel was ineffective in failing to raise this challenge, and the court finds nothing in the record to suggest there were any "external impediments" that prevented him from raising this challenge on appeal. United States v. Pettiford, 612 F.3d 270, 281 (4th Cir. 2010). Accordingly, McCullers is unable to establish cause for his procedural default. Since McCullers cannot prove cause, he can only succeed if he can demonstrate actual innocence by "clear and convincing evidence." Mikalajunas, 186 F.3d at 493. In order to do so, McCullers must offer some basis to find "actual factual innocence of the offense of conviction." Id. at 494. McCullers offers neither argument nor evidence to show actual innocence. These claims, therefore, are procedurally defaulted and must fail.

### Ground Thirteen: Ineffective Assistance of Counsel as to Credibility Jury Instructions

McCullers argues that his counsel was ineffective for failing to request an informant instruction for the testimony of McCullers's co-conspirators. Supplemental Br. at 21-24. (ECF No. 241.) Informant instructions are generally only appropriate

when the informant is paid for his services or granted immunity in exchange for his testimony. See United States v. Brooks, 928 F.2d 1403, 1409 (4th Cir. 1991) (quoting United States v. Miller, 499 F.2d 736, 741 (10th Cir. 1974)).    Much of McCullers's argument at trial--and in the instant motion--was based on challenging the credibility of McCullers's co-conspirators, arguing that the possible sentence reductions those witnesses might receive for their testimony destroyed their credibility.    See Trial Tr. 1202-50, Jan. 28, 2009 (Melton's closing statement); supra Ground Twelve.    (ECF No. 201.)  The court instructed the jury that "the government called as witnesses alleged accomplices with whom the government has entered into immunity agreements or plea agreements" and that "such testimony is always to be received with caution and weighed with great care."    Trial Tr. 1270-71, Jan. 28, 2009. (ECF  No.  201.)        McCullers's  counsel  highlighted  this instruction in his closing statement. See id. at 1207.

McCullers has made no showing that Melton's performance was deficient by not requesting an informant instruction beyond the accomplice instruction read by the court.    "Competency is measured against what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation."  Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996).    Here, there is nothing to suggest that an objectively

24

reasonable attorney would request anything other than the accomplice instruction the court read. Therefore, McCullers fails to show that his counsel's performance was deficient and fails on the first prong of his ineffective assistance claim. Strickland, 466 U.S. at 700. Moreover, McCullers has not shown that any failure on the part of Melton resulted in prejudice, i.e., "actual and substantial disadvantage." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). McCullers fails on both prongs of Strickland and is, therefore, not entitled to relief. Strickland, 466 U.S. at 700.

### Ground Fourteen: Definition of "Cocaine Base"

McCullers next contends that there was no evidence to support his drug convictions because no physical evidence was presented against him, as McCullers argues is required by DePierre v. United States, 131 S. Ct. 2225 (2011). Supplemental Br. at 29-30. (ECF No. 241.) DePierre clarified that "cocaine base" in 21 U.S.C. § 841(b)(1) means not only crack cocaine but all cocaine in its chemically basic form. DePierre, 131 S. Ct. at 2231-32. Petitioner contends that DePierre requires the government to provide physical evidence that he possessed a substance containing the molecule $C^{17}H^{21}NO^4$, which he argues the United States failed to do. Supplemental Br. at 30. (ECF No. 241.) DePierre, however, says nothing about the type of proof

25

the government must use to prove,.e.g, distribution of "cocaine base;" it merely defined the term "cocaine base." See DePierre, 131 S. Ct. at 2231-32. McCullers's question, then, amounts to a challenge to the sufficiency of the evidence used to convict him. Questions of sufficiency of the evidence are not cognizable on a motion under 28 U.S.C. § 2255. See Dockery v. United States, 237 F.2d 518, 519 (4th Cir. 1956) (per curiam). Moreover, McCullers failed to raise this claim on direct appeal, meaning that it is procedurally defaulted, and he has shown neither "cause" nor "prejudice." See Bousley, 523 U.S. 614, 622.

## Ground Fifteen: Ineffective Assistance of Counsel as to Single vs. Multiple Conspiracy Theories

McCullers argues that his trial counsel was ineffective for failing to request a multiple conspiracy instruction, arguing that the proof at trial did not support conviction on the single conspiracy alleged in the Third Superseding Indictment. Supplemental Br. at 29-30. (ECF No. 241.) A multiple conspiracy instruction is required only where "the proof at trial demonstrates that [defendants] were involved only in 'separate conspiracies unrelated to the overall conspiracy charged in the indictment.'" United States v. Kennedy, 32 F.3d 876, 884 (4th Cir. 1994). Here, McCullers stood trial alone, and the evidence went to his involvement in the conspiracy;

26

there was no risk that evidence from other conspiracies would spill into the evidence of the indicted conspiracy since McCullers was the sole defendant. Id. (citing United States v. Anguiano, 873 F.2d 1314, 1318 (9th Cir. 1989); United States v. Corey, 566 F.2d 429, 431 n.3 (2d Cir. 1977)). Because there was no need for a multiple conspiracy instruction, McCullers fails to show that his counsel's performance was deficient and fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. Strickland, 466 U.S. at 700.

### IV. CONCLUSION

Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED** as to all claims other than Ground Six (B). Petitioner is **ADVISED** that he may not appeal from this Memorandum Order until the court has resolved Ground Six (B).

The Clerk is **DIRECTED** to send a copy of this Order to the petitioner; to James Melton and Cullen Seltzer, the petitioner's former counsel; and to the United States Attorney.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Newport News, Virginia

May 25 , 2012