```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                   Newport News Division
```

**UNITED STATES OF AMERICA,**

    **v.**                                                        CRIMINAL NO. 4:07cr49

**BILLY R. MCCULLERS, JR.,**

    **Defendant.**

## MEMORANDUM ORDER

This matter comes before the court on Defendant's "Motion for Reinstatement of § 404(b) of the First Step Act Pursuant to Concepcion v. United States," filed pro se on February 9, 2024. ECF No. 426 ("Motion"). Notably, Defendant previously filed a "Motion for Reduction of Sentence Pursuant to the First Step Act" on February 8, 2019. ECF No. 359 ("Initial First Step Act Motion").[1] The court denied that motion, in part, in a Memorandum Order filed on August 27, 2021. ECF No. 408. Defendant appealed the denial, and the Fourth Circuit affirmed it. ECF Nos. 409, 412. In the instant Motion, Defendant asks the court to "reinstate" his Initial First Step Act Motion in light of Concepcion v. United States, 597 U.S. 481 (2022), which was published after the court denied his initial First Step Act Motion. ECF No. 426 at 9-15. For the reasoned explained below, the court **DENIES** the Motion.

---

[1] Within this Memorandum Order, references to "the First Step Act" and motions filed thereunder refer to § 404 of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

## I. Procedural History

On January 29, 2009, a jury found Defendant guilty of fifteen (15) counts of drug, firearm, and witness tampering offenses after an eight-day trial. ECF No. 159. On April 29, 2009, the court sentenced Defendant to one thousand twenty (1,020) months of imprisonment. ECF No. 172 at 3 (Judgment). The sentence consisted of three hundred sixty (360) months for Defendant's drug and witness tampering offenses,[2] plus one term of sixty (60) months and two terms of three hundred (300) months to run consecutively for his firearm convictions.[3] Id.

On December 18, 2014, the court, upon a motion from Defendant, ECF No. 299, reduced his sentence on the drug counts, from three hundred sixty (360) months to two hundred thirty-five (235) months concurrent on each count. ECF No. 306. His total sentence was thus reduced by one hundred twenty-five (125) months, from one thousand twenty (1,020) months to eight hundred ninety-five (895) months.

On August 27, 2021, the court again reduced Defendant's sentence upon his Initial First Step Act Motion, ECF No. 359, which was construed as seeking relief under both the First Step Act and

---

[2] The drug offenses are Counts One, Two, Three, Five, Six, Eight, Nine, Eleven, Twelve, and Thirteen. ECF No. 172 at 1-2. Counts Fourteen and Fifteen are the witness tampering offenses. Id. at 2. The sentences on all these counts run concurrently. Id. at 3.

[3] The firearm offenses are Counts Four, Seven, and Ten. ECF No. 172 at 1-2.

2

18 U.S.C. § 3582(c)(1)(A). ECF No. 408 at 4, 15 ("Memorandum Order"). The court declined to exercise its discretion to lower Defendant's sentence under the First Step Act but did reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Id. at 22-23. Ultimately, the court lowered Defendant's sentences on two (2) of his firearm counts from three hundred (300) months consecutive to sixty (60) months consecutive. Id. at 15, 23. Accordingly, Defendant's total sentence was further reduced from eight hundred ninety-five (895) months to four hundred fifteen (415) months. Id. Defendant appealed this decision, and the Fourth Circuit affirmed it on September 8, 2022. ECF Nos. 409, 412.

Most recently, on November 29, 2023, the court denied Defendant's Motion for Compassionate Release seeking a reduction in sentence to time served. ECF Nos. 420 (Motion for Compassionate Release); 425 (Memorandum Opinion and Order).[4] Defendant then filed the instant Motion on February 9, 2024. ECF No. 426. On February 16, 2024, the court directed the United States to respond

---

[4] Defendant has also filed several unsuccessful motions asking this court to reconsider, reduce, modify, or vacate his sentence. See ECF Nos. 171 (Motion to Reconsider, Recalculate, and Reduce Sentence); 222 (Motion to Dismiss Indictment); 239 (Motion to Vacate under 28 U.S.C. § 2255); 282 (Successive Motion to Vacate under 28 U.S.C. § 2255); 319 (Motion for Modification of Term of Imprisonment under 18 U.S.C. § 3582(c)(2)); 335 (Motion for Relief under Fed. R. Crim. P. 15(c)(2)); 345 (Motion for Modification of Term of Imprisonment under 18 U.S.C. § 3582(c)(2)). The court denied all these motions. See ECF Nos. 176, 224, 264, 288, 323, 337, 347.

3

to this Motion and directed the United States Probation Office to file, under seal, a worksheet detailing how the First Step Act impacts Defendant's statutory minimum and maximum, offense level, criminal history category, and Guidelines range. ECF No. 428 at 3-4.

The Probation Office filed its worksheet on February 21, 2024, ECF No. 429, and the United States responded to Defendant's Motion on April 11, 2024, ECF No. 431. On April 16, 2024, Defendant filed a "Notice of Objection" responding to the Probation Office's worksheet. ECF No. 432. Finally, on April 30, 2024, Defendant filed his Reply to the United States' Response. ECF No. 433. The instant Motion is therefore ripe for review.

## II. Analysis

Section 404 of the First Step Act permits the court to reduce a defendant's sentence for certain offenses. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). When faced with a motion under § 404, a court must first determine whether the sentence sought to be reduced is "eligible" for consideration according to three (3) requirements. See United States v. Lancaster, 997 F.3d 171, 174 (4th Cir. 2021) (citing § 404, 132 Stat. at 5222). First, the sentence must be for a "covered offense," as defined in § 404(a) of the First Step Act.[5] Id. Second, the motion "must be

---

[5] Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which

4

addressed to the court that imposed the subject sentence." Id. Third, under § 404(c), the sentence must not have been the subject of a previous First Step Act motion that led to a reduced sentence or was denied "after a complete review of the motion on the merits." Id. at 175 (quoting 132 Stat. at 5222). Put another way, "[n]o court shall entertain" a successive First Step Act motion when the initial motion was "denied after a complete review of the motion on the merits." Section 404(c), 132 Stat. at 5222.

Defendant's Motion focuses on the third requirement.[6] He admits that he "previously filed a motion under § 404 of the First Step Act to reduce his sentence," and that the court denied this motion. ECF No. 426 at 11 (citing ECF Nos. 359, 408). However, Defendant argues that the court's denial was not based on "a complete review of the motion on the merits" because "the Supreme Court had not yet defined the scope of the merits inquiry" in Concepcion, which was decided on June 27, 2022. Id. at 12; see 597

---

were modified by section 2 or 3 of the Fair Sentencing Act of 2010." § 404(a), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010, in turn, modified the penalties for violations of the crack cocaine statutes at 21 U.S.C. § 841, by increasing the threshold quantities of cocaine base required to trigger the sentencing ranges in § 841(b)(1)(A)(iii) from 50 grams to 280 grams and in § 841(b)(1)(B)(iii) from 5 grams to 28 grams. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372.

[6] The court determined in its August 27, 2021, Memorandum Order that Defendant meets the first two eligibility requirements. ECF No. 408 at 16-17. Defendant was sentenced for "covered offenses," and he filed his motion in the correct court. Id.

5

U.S. 481. After arguing that § 404(c)'s bar on successive First Step Act motions does not apply here, Defendant contends that conducting "a complete review of the motion on the merits" under Concepcion indicates his sentence should be reduced. ECF No. 426 at 12-22. The United States opposes the Motion, arguing that it is barred as successive and, even if not barred, does not present adequate grounds for relief. ECF No. 431 at 6-7.

As explained below, the court finds that it conducted a "complete review . . . on the merits" in 2021, when it denied Defendant's Initial First Step Act Motion. See ECF No. 408. Accordingly, the instant Motion is a successive First Step Act motion, and § 404(c) precludes the court from entertaining it. See 132 Stat. at 5222.

### A. Background: Defendant's Initial Motion

On February 8, 2019, Defendant filed, pro se, his Initial First Step Act Motion. ECF No. 359. On May 16, 2019, the court denied the Motion. ECF Nos. 374, 375. Defendant appealed the denial, and the Fourth Circuit vacated and remanded the case. ECF Nos. 376, 380. On remand, the court again denied Defendant's motion on the merits. ECF No. 383. Defendant then appealed this decision. ECF No. 385. The Fourth Circuit vacated and remanded the case in light of an intervening case, United States v. McDonald, 986 F.3d 402 (4th Cir. 2021), and for the court to weigh evidence of Defendant's post-sentencing rehabilitation efforts. ECF No. 390 at 4-5.

6

In a Memorandum Order dated August 27, 2021, the court granted in part and denied in part Defendant's Initial First Step Act Motion. ECF No. 408 at 22-23. As explained above, the court denied the motion on First Step Act grounds but reduced Defendant's sentence pursuant to its authority under 18 U.S.C. § 3582(c)(1)(A). See id.; supra Part I. Regarding the First Step Act, the court determined that Defendant was eligible for a reduction in sentence under the Act because he was convicted of offenses that the Act covers. ECF No. 408 at 16. The court then determined the new statutory penalties and recalculated Defendant's Guidelines range. Id. at 17-21. However, after considering "the § 3553(a) factors, the Defendant's efforts at post-sentencing rehabilitation, and the facts of this case," the court declined to exercise its discretion to reduce Defendant's sentence under the First Step Act. Id. at 22. Defendant appealed this decision, and the Fourth Circuit affirmed it. ECF Nos. 409, 413. Defendant then filed a petition for rehearing or rehearing en banc, which the Fourth Circuit denied. ECF No. 416.

### B. Applicable Law

To reiterate, § 404(c) of the First Step Act bars successive § 404 motions when the initial motion was "denied after a complete review of the motion on the merits." 132 Stat. at 5222. Defendant argues there was not a "complete review of the motion on the merits" because the Supreme Court had not defined what a "complete

7

review" must entail until its Opinion in Concepcion, which was issued after this court denied the Initial First Step Act Motion.[7] ECF No. 426 at 12. Specifically, he argues that, after Concepcion, the district court must (1) recalculate his statutory range based on the Fair Sentencing Act, and (2) recalculate his Guidelines range "by correcting original Guidelines errors and applying intervening case law." Id. at 15, 18.

Defendant's interpretation of Concepcion is only partially correct. "Concepcion instructs district courts exercising their discretion under the First Step Act to proceed in two steps. First, they must recalculate the movant's Guidelines range 'only to the extent it adjusts for the Fair Sentencing Act.'" United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023) (quoting United States v. Shields, 48 F.4th 183, 192 (3d Cir. 2022)) (citing Concepcion, 597 U.S. at 498 n.6, 500 n.8). This recalculation should not account for "intervening case law." Id. (citing Concepcion, 597 U.S. at 498 & n.6). "Second," district courts "may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." Id. Therefore, a district court addressing a First Step Act motion can only consider intervening case law "after it determine[s] the appropriate

---

[7] Notably, the Fourth Circuit affirmed the denial on September 8, 2022, months after Concepcion was decided on June 27, 2022. See ECF No. 412; Concepcion, 597 U.S. 481.

8

starting point for [a defendant's] First Step Act proceedings," i.e., after the court determines how the Fair Sentencing Act affects the defendant's Guidelines range.[8] Id.

### C. Analysis

Although this court's Memorandum Order, ECF No. 408, denying Defendant's Initial First Step Act Motion predates Concepcion, it actually had complied with that case's later instructions. The Memorandum Order first recalculated Defendant's statutory and Guidelines sentences accounting for the Fair Sentencing Act. ECF No. 408 at 17-18. Second, the Memorandum Order considered "the § 3553(a) factors, the new statutory maximum sentences, the Guidelines range, and 'all the relevant evidence,' including the Defendant's evidence of post-sentencing rehabilitation." Id. at 21 (footnote omitted) (quoting McDonald, 986 F.3d at 411). This "relevant evidence" also included Defendant's arguments about how intervening case law would affect him and his sentence. Specifically, the court "reviewed and considered all of the

---

[8] Defendant's mistaken argument that a district court must recalculate the Guidelines range based on intervening case law relies on a holding from United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), that Concepcion rejected. ECF No. 426 at 18 (citing Chambers, 956 F.3d at 670); see United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023) ("Because Chambers instructed district courts to recalculate a movant's Guidelines range based on 'intervening case law' unrelated to the Fair Sentencing Act, that holding of Chambers does not survive Concepcion.") (citation omitted).

9

Defendant's many filings and attachments pertaining to the instant Motion." Id. at 21 n.20. Those filings include arguments about intervening case law. See, e.g., ECF No. 392 at 7-12 (placing "heavy reliance on" United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667 (4th Cir. 2020); and United States v. McDonald, 986 F.3d 402 (4th Cir. 2021)). After considering all these factors, the court declined to exercise its discretion to further reduce Defendant's sentence under the First Step Act. Id. at 22.

At bottom, the Memorandum Order complied with the Supreme Court's instructions in Concepcion such that the Memorandum Order constituted a "deni[al] after a complete review of the [Initial First Step Act Motion] on the merits." Section 404(c), 132 Stat. at 5222. Accordingly, under § 404(c), the court cannot entertain Defendant's instant Motion because it is successive.[9]

### III. Conclusion

For the reasons explained above, the court **DENIES** Defendant's Motion, ECF No. 426, because it is a procedurally barred successive

---

[9] To the extent Defendant's instant Motion and associated filings, ECF Nos. 432, 433, rely on different arguments and changes in the law and facts than those presented in his Initial First Step Act Motion, a successive First Step Act motion is the wrong vehicle for raising such arguments. See United States v. Dixon, No. 22-3281, 2023 WL 4556909, at *2 (7th Cir. July 17, 2023) ("The First Step Act is one 'vehicle' that allows the modification of a final sentence. But nothing in the Act allows the repeated use of this vehicle to secure a sentence reduction.") (citing United States v. Sutton, 962 F.3d 979, 984 (7th Cir. 2020)).

motion under § 404 of the First Step Act. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to Defendant, the United States Attorney, and the Bureau of Prisons.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

June 21, 2024